IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>ANTHONY WALKER,<br><br>           Defendant.<br>_____ | 2:08-cr-00214-GEB<br><br><u>ORDER CONCERNING GOVERNMENT'S</u><br><u>REQUEST TO SEAL</u> |

On June 27, 2013, the government submitted for in camera consideration what it described in a publicly docketed "Notice of Request to Seal Government's Sentencing Motion" ("Notice") as a "two-page sentencing motion" and a "Request to Seal." (Notice 1:19-21, ECF No. 99.) The Request to Seal is a document in which the government provides its argument concerning why the "two-page sentencing motion" should be sealed. The publicly filed Notice states:

> Pursuant to Local Rule 141(b), the United States . . . provides notice that it is requesting to file under seal a two-page sentencing motion in connection with the criminal prosecution of defendant Anthony WALKER for the reasons set forth in the government's Request to Seal. The government respectfully requests that its two-page sentencing motion remain under seal until further Order of the Court.

(<u>Id.</u> at 1:18-22.)

The Notice and Request to Seal are unclear and potentially misleading since they misidentify the document sought to be sealed as a "motion," when in fact, the document is a two-page letter addressed to the undersigned judge from the government's attorney, which concerns Defendant's sentencing.  Although the letter could be characterized as a motion, the manner in which the government gave notice of it on the public docket is woefully inadequate to endow the public and press with information pertinent to the exercise of any right they may have to object to the secrecy the government sought.

The two-page letter and Request to Seal were returned to the government at the June 28, 2013 sentencing hearing, in part, because the government failed to comply with Local Rule 141. Local Rule 141(b) prescribes that the publicly filed Notice of Request to Seal Documents

> shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the "Request to Seal Documents," proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties.

E.D. Cal. R. 141(b). The government's Notice does not satisfy any of these requirements. The government fails to provide "the basis for sealing" in the Notice; rather, the government indicates that its reasons supporting sealing are "set forth in the Government's Request to Seal[,]" which is not filed on the public docket. The government also fails to state in the Notice whether the Request to Seal and the two-page letter were submitted to the Court and/or the defendant. Further, the government neither correctly nor sufficiently describes the two-page letter sought to be sealed.

///
///

2

1       "Under the [F]irst [A]mendment, the press and the public have
2 a presumed right of access to [certain] court proceedings and
3 documents." <u>Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.</u>, 920
4 F.2d 1462, 1465 (9th Cir. 1990). "[T]he First Amendment right of access
5 applies to sentencing proceedings." <u>United States v. Rivera</u>, 682 F.3d
6 1223, 1229 (9th Cir. 2012); <u>see also</u> <u>CBS, Inc. v. U.S. Dist. Ct. for
7 Cent. Dist. of Cal.</u>, 765 F.2d 823, 825-26 (9th Cir. 1985) (reviewing
8 under First Amendment right of access standards a district court's
9 decision to file under seal a defendant's Federal Rule of Criminal
10 Procedure 35 motion to reduce his sentence).

11       The First Amendment right of access has both "procedural and
12 substantive requirements." <u>Oregonian Publ'g Co.</u>, 920 F.2d at 1466.
13 Procedurally, before "sealing a document or transcript . . . **sufficient**
14 **notice** [must be provided] to the public and press to afford them the
15 opportunity to object or offer alternatives." <u>Phx. Newspapers, Inc. v.
16 U.S. Dist. Ct. for the Dist. of Ariz.</u>, 156 F.3d 940, 949 (9th Cir. 1998)
17 (emphasis added). "Sufficient notice" requires that the public and press
18 be "afforded a **meaningful opportunity** to address sealing [the
19 document(s) at issue] on the merits." <u>Id.</u> (emphasis added). Otherwise,
20 "'the vindication of a First Amendment right [is inadequately left] to
21 the fortuitous presence in the courtroom of a public spirited citizen
22 willing to complain about closure.'" <u>United States v. Alcantara</u>, 396
23 F.3d 189, 199-200 (2d Cir. 2005) (quoting <u>In re Herald Co.</u>, 734 F.2d 93,
24 102 (2d Cir. 1984)).

25       Here, the government's description of the document sought to
26 be sealed did not provide the public and press with a "meaningful
27 opportunity" to object or offer alternatives since the government did
28 not file on the public docket a sufficient description of the document

sought to be sealed or sufficient justification of why such a description should not be required.

For the stated reasons, the government's sealing request was denied.

Dated: July 11, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge